IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRECKLEY LYN ABLES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-871-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed

by Petitioner, Breckley Lyn Ables, a federal prisoner confined at the Federal Medical Center-

Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell,

Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded

that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Petitioner is serving a 120-month term of imprisonment for her 2014 conviction in this Court

for conspiracy to possess with intent to distribute a controlled substance. Resp't's App. 1-3, ECF No.

9. Although Petitioner did not appeal her conviction or sentence, she filed a timely § 2255 motion,

which is currently pending in this Court. *Id.* at 4-17; Mot., Ables v. United States, Civil Docket for

Case #4:14-CV-00734-O, ECF No. 1. In this § 2241 petition, Petitioner raises the following four

grounds for relief:

(1)   "Was never shown evidence against me. Convicted only on heresay [sic];

(2)   "Released . . . from TDCJ more than once to an address being investigated
       by feds (entrapment);

(3)     "No downward departures based on several issues; and

(4)     "Extrodinary [sic] circumstances - abuse - both physical & mental; never offered rehab."

Pet. 5-6, ECF No. 1.

Petitioner expressly states that the petition concerns her sentence and she seeks the following relief: "Vacate sentence or set aside or some type of sentence reduction or home confinement to 5690 SE Stallings Terrace in Arcadia Florida." *Id.* at 2 & 7.

## II.  DISCUSSION

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his or her detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his or her trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he or she may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Petitioner does not raise a savings-clause argument, it is clear that she cannot meet

2

the three requirements from the face of the petition. Petitioner cites no retroactively applicable Supreme Court decision that would arguably decriminalize her conduct, nor were her claims foreclosed at the time of her initial § 2255 motion. In fact, a review of Petitioner's original and revised § 2255 motions pending in this Court reveals that she raised one or more of the above claims in the motions. Mot. & Revised Mot., Ables v. United States, Civil Action No. 4:14-CV-734-O, ECF Nos. 1 & 6. Petitioner cannot show that the remedy by § 2255 motion is inadequate or ineffective to test the legality of her sentence. A § 2241 petition is not an alternative to the relief afforded by motion in the sentencing court under § 2255. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). Because Petitioner's challenge to her sentence does not fall within the savings clause of § 2255(e), her claims are not cognizable in a § 2241 petition.

## III.  CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of appealability is denied.

**SO ORDERED** on this 27th day of January, 2016.


_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE